UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

R.M. GADDIS                                                                          PLAINTIFF

vs.                                                                No. 3:10-CV-249-CWR-LRA

SADIE HEGLER, ASHOK GULATI
BELA GULATI, ESSBEE EXPORT, INC.,
and JOHN DOES 1-10                                                          DEFENDANTS

MEMORANDUM OPINION AND ORDER

The following pleadings are before the court for determination:

1).     *Essbee Export, Inc.'s, Motion for Partial Summary Judgment* [Docket No. 71]), filed
        February, 28, 2011.

2).     *Memorandum Brief in Support of Defendant's Essbee Export, Inc., Partial Motion for
        Summary Judgment* [Docket No. 72], filed February 28, 2011.

3).     *Defendant Sadie Hegler's Joinder in Essbee Export, Inc.'s Motion for Partial Summary
        Judgment on the Issue of Punitive Damages* [Docket No. 73], filed February 28, 2011.

4).     *Defendants', Ashok and Bela Gulati, Motion for Summary Judgment* [Docket No. 74], filed
        February, 28, 2011.

5).     *Memorandum in Support of Defendants', Ashok and Bela Gulati, Motion for Summary
        Judgment* [Docket No. 75], filed February 28, 2011.

6).     *Plaintiff's Response to Defendant Essbee Export Inc.'s, Partial Motion for Summary
        Judgment* [Docket No. 76], filed March 11, 2011.

7).      *Memorandum of Authorities in Support of Plaintiff's Response to Defendant Essbee Export
        Inc.'s Partial Motion for Summary Judgment* [Docket No. 77], filed March 11, 2011.

8).     *Plaintiff's Response to Defendants Ashok Gulati and Bela Gulati's Motion for Summary
        Judgment* [Docket No. 79], filed March 14, 2011.

9).     *Memorandum of Authorities in Support of Plaintiff's Response to Defendants Ashok Gulati
        and Bela Gulati's Motion for Summary Judgment* [Docket No. 80], filed March 14, 2011.

10).     *Rebuttal to Plaintiff's Response to Defendants' Ashok and Bela Gulati, Motion for Summary
        Judgment* [Docket No. 81], filed March 21, 2011.

11).    *Rebuttal to Plaintiff's Response to Defendant's Essbee Export, Inc., Motion for Partial Summary Judgement* [Docket No. 82], filed March 31, 2011.

## I. BACKGROUND

On April 30, 2010, R. M. Gaddis filed suit against defendants based on an automobile collision that occurred on February 1, 2010 at the intersection of Highway 25 and Holly Bush Road in Brandon, Mississippi. [Docket No 1].  According to Plaintiff, Defendant Sadie Hegler, while acting in the course and scope of her employment with Essbee, Inc. (hereinafter "Essbee") as a delivery person, ran a red light, and ignored other warning signs immediately prior to the accident because she was talking on her cell phone.  Gaddis brings this lawsuit against Hegler, Essbee, and Bela and Ashok Gulati, co-owners of Essbee., alleging negligence and gross negligence.  Gaddis seeks compensatory and punitive damages asserting, *inter alia*, that Hegler (1) failed to maintain control of her vehicle; (2) she operated her vehicle at an excessive rate of speed under the circumstances; (3) she failed to obey traffic devices and roadway markings; (4)  that Defendants Essbee and Bela and Ashok Gulati  forced Hegler  to make the trip even though they were aware that Hegler was not fit to drive due to the stress and certain vision problems; (5) Defendants had no company policy against talking on the cell phone while driving; (6) Defendants routinely allowed and expected Hegler to use a cell phone while driving the company van; (7) Hegler was indeed using the cell phone at or near the time of the accident; and (8) Defendants provided no safety training to Hegler.  See Complaint, at ¶¶ 18-19; and Memorandum of Authorities in Support of Plaintiff's Response to Defendants Ashok Gulati and Bela Gulati's Motion for Summary Judgement [Docket No. 80], at 2-12.

When discovery concluded, Defendants Essbee and the Gulatis moved the Court for summary judgment on the claims of negligent entrustment, negligent hiring, negligent training

and/or negligent supervision. These Defendants also seek summary judgment on the issue of punitive damages, and Hegler has joined in that request.

## II.  LEGAL STANDARD

Though motions for summary judgment are filed frequently, not every case is suitable for such disposition.  Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).  When confronted with these motions, this Court focuses on "genuine" issues of "material" facts.  An issue is genuine "if the evidence supporting its resolution in favor of the party opposing summary judgment, together with an inference in such party's favor that the evidence allows would be sufficient to support a verdict in favor of the party." *Zisman v. Mason*, 2008 WL 879726, at *3 (S.D. Miss. 2008) (citing *Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987).  A fact is material if it is one which might effect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).  Factual disputes that are irrelevant or unnecessary will not be considered. *Id*.  Furthermore, unsubstantiated assertions are not competent summary judgment evidence. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994).

The jury has the responsibility to assess the probative value of the evidence.  As a consequence, a court must step back and not make any credibility determinations, and it must not weigh evidence or draw from the facts legitimate inferences for the movant. *Strong v. The Dept. of Army*, 414 F.Supp.2d 625, 628 (S.D. Miss. 2005).  This Court is ever mindful that although a useful device, summary judgment "must be employed cautiously because it is a final adjudication on the merits." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989).

## III.  ANALYSIS

Plaintiff is a citizen of Madison County, Mississippi and Defendants are residents or have a principal place of business in Alabama.  Gaddis seeks damages greater than $75,000.  Therefore, this Court has jurisdiction over this action.  28 U.S.C. § 1332.  As in the situation in this case, a federal court sitting in diversity must apply state substantive law. *Times-Picayune Pub. Corp. v. Zurich Am. Ins. Co.*, 421 F.3d 328, 334 (5th Cir. 2005) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)).  The parties do not contest that the substantive law of Mississippi controls the issues before the Court.

### Negligent Hiring, Supervision, Training, and Retention

Essbee and Ashok and Bela Gulati filed their motions for summary judgment and memoranda in support both contending that Plaintiff's claims alleging negligent supervision, training, and entrustment should be dismissed because Hegler's negligent conduct occurred in the course and scope of her employment.  In other words, their vicarious liability admission relating to negligence should effectively bar the duplicitous theories of the same.  Furthermore, these defendants argue there exists no independent basis for simple negligence apart from Hegler's conduct nor any evidence of gross negligence warranting punitive damages by any defendant.

Plaintiff, in response, reasserts the aforementioned allegations of her complaint coupled with testimony from the depositions of the parties in order to prove actions beyond Hegler's individual conduct which constituted  "active negligence by the Gulatis on the day of the wreck that caused or contributed to the collision." [Docket No. 80], at 7.  According to Gaddis, Bela Gulati knew that driving while talking on a cell phone is dangerous, but she did not prohibit this conduct and did not provide any safety training regarding deliveries.  Moreover, Mrs. Gulati regularly called Hegler

4

while she was on the road. In fact, Gaddis suggests that at or near the time of the accident, Bela Gulati was engaged in a telephone conversation with Hegler.  Gaddis also argues that both Mr. and Mrs. Gulati knew Hegler suffered from impaired vision yet they forced her "to drive the company van all over the South."  *Id*. at 9.

Through various opinions issued in the federal courts in this State, judges have espoused their *Erie* guess that the Mississippi Supreme Court would approve of the dismissal of a negligent entrustment and related claims where the employer admits vicarious liability.  *See, e.g.*, *Booker v. Hadley*, No. 2:08cv172-KS-MTP, 2009 WL 2225411 at *2 (S.D. Miss. July 23, 2009)("[I]t is appropriate to dismiss all claims of negligent entrustment and the like when the defendant concedes liability under  respondeat superior."); *Walker v. Smitty's Supply, Inc*., No.5:06cv30-DCB-JMR, 2008 WL 2487793 at *5 (S.D. Miss.2008)("[T]his Court concludes that the Supreme Court of Mississippi would approve the dismissal of a claims of negligent entrustment against an employer who has already confessed liability[.]"); *Curd v. Western Express*, Inc., 2010 WL 4537936, *2 (S.D. Miss.2010)("[I]t is unnecessary for plaintiff to present evidence of negligent entrustment, or for that matter negligent hiring or training, where the defendant employer admits liability."); and *Cole v. Alton*, 567 F.Supp. 1084, 1087 (N.D. Miss. 1983)("[I]f confronted with [the] question, Mississippi courts would find summary judgment on a claim of negligent entrustment appropriate where vicarious liability is not disputed.").  This Court agrees.  The undersigned also has ventured out in the *Erie* world and reached a similar conclusion. See, *Welch v. Loftus*, No: 3:09-cv-00782-CWR-FKB, 2011 WL 743417, *2 (S.D. Miss. 2011)(granting summary judgment on claims of failure to train and failure to supervise where employer admitted vicarious liability.).   The Court therefore finds that Defendants are entitled to summary judgment with respect to Plaintiff's negligence claims

5

based on negligent entrustment, negligent hiring, failure to train, negligent supervision, and negligent retention.

**Punitive Damages**

The Defendants also seek summary judgment regarding the demand for punitive damages. "Mississippi law does not favor punitive damages; they are considered an extraordinary remedy and are allowed 'with caution and within narrow limits.'" *Warren v. Derivaux*, 996 So.2d 729, 738 (Miss. 2008)(quoting *Life & Cas. Ins. Co. of Tenn. v. Bristow*, 529 So.2d 629, 622 (¶ 27) (Miss. 1988)). "Punitive damages are only appropriate in the most egregious cases so as to discourage similar conduct and should only be awarded in cases where the actions are extreme." *Paracelsus Health Care Corp. v. Willard*, 754 So.2d 437, 442 (¶ 20) (Miss. 1999) (citing *Wirtz v. Switzer*, 586 So.2d 775, 783 (Miss. 1991)). When evaluating cases involving the mere commission of traffic violations, "the Mississippi Supreme Court has been extremely reticent to permit punitive damages." *Smitty's Supply*, 2008 WL 2487793 at *6 (S.D. Miss. 2008).

The totality of the circumstances and the aggregate conduct of the defendant must be considered when determining whether punitive damages are appropriate. *Paracelsus*, 754 So.2d at 442. The defendant's conduct must include "some element of aggression, insult, malice, or gross negligence that evidences a ruthless disregard for the rights of others" in order to justify an award of punitive damages. *Bradfield v. Schwartz*, 936 So.2d 931, 936 (¶ 17) (Miss. 2006). Gross negligence is "that course of conduct which, under the particular circumstances, discloses a reckless indifference to consequences without the exertion of any substantial effort to avoid them." *Ezell v. Bellsouth Telecomm., Inc.*, 961 F.Supp. 149, 152 (S.D. Miss. 1997) (quoting *Dame v. Estes*, 101 So.2d 644, 645 (Miss. 1958)). Whereas, wanton conduct involves an intentional act of unreasonable

character and the reckless disregard of known or obvious risks that are so great as to make it highly probable that harm will follow. *Pigford v. Jackson Pub. Sch Dist.*, 910 So.2d at 579 (¶ 19) (quoting *Maldonado v. Kelly*, 768 So.2d 906, 910 (¶ 8) (Miss. 2000)).

While courts have not hesitated to grant summary judgment with respect to claims for punitive damages in cases involving motor vehicle accidents, *see*, *Curd*, *supra*, at *3; and *Smitty's Supply*, *supra*, at *6, denying such a motion is necessary where there are genuine issues of material fact. See *Welch*, 2011 WL 743417, at *4 (citing *Evans v. Hayes*, 2006 WL 2975473, at *4 (S.D. Miss. 2006)). In the case at bar, Plaintiff argues that "the Gulatis are liable for Ms. Hegler's and their own grossly negligent conduct." [Docket No. 80], at 11. In support of her claim that Essbee and the Gulatis, exhibited gross negligence, Plaintiff alleges that forcing Hegler to drive with the knowledge that she had vision problems and while she was in a weakened mental and physical condition constitute grossly negligent behavior. In addition, Plaintiff alleges that the Defendants routinely ordered Hegler to drive under these conditions. Furthermore, according to Gaddis, when Hegler complained that she could not drive, "Mrs. Gulati ordered [her] to drive that day and threatened to fire her if she failed to make the trip." [Docket No. 80], at 7. Of course, Gulati disputes these facts, and says that she instructed Hegler "to take the trip during this particular week, not on this particular day[,]" *see*, [Docket No. 81], at 3, and it was Hegler who "chose when to take the trip." *Id*.

As noted below, there is more which Plaintiff contends shifts this case from the zone of mere negligence to gross negligence territory. There are genuine issues of material fact concerning whether Hegler was using the cell phone at or near the time of the accident. [Docket No. 80], at 8. Gaddis contends that the evidence demonstrates that Hegler was either involved in several telephone conversations and/or text messaging communications at or near the time of the accident with the

Gulatis and that Hegler routinely conducted Essbee business on her cell phone while driving. [Docket No. 80], at 3.  Moreover, the Gulatis encouraged this behavior, according to Gaddis, as they "regularly call[ed] Ms. Hegler while she is on the road to check on the status of deliveries."  *Id*., at 5.  And at least some of these distractions caused Hegler to drive in excess of the speed limit; caused her not to see two stop light ahead warning signs; caused her to run the red light, which was "red for more than 10 seconds prior to impact;" and caused her to cross over "two northbound lanes of Highway 25 . . . before the impact occurred." [Docket No. 80], at 3, ¶¶ 9 and 12.

While this Court appreciates the high threshold to be met before Gaddis ultimately demonstrates that she is entitled to a jury instruction on punitive damages on her gross negligence claims, when viewing the evidence in the light most favorable to the Plaintiff, as it is required, genuine issues of material fact exist on this question.  See, *Welch*, *supra*, at *4.  As in *Welch*, however, "the denial of summary judgment on the issue of punitive damages does not foreclose the possibility that the Court might ultimately refuse to submit the question to the jury."

## CONCLUSION

The Defendants' Motions for Summary Judgment are granted in part and denied in part.  On Gaddis' claim for negligent entrustment, negligent hiring, negligent training, negligent supervision and negligent retention, summary judgment is granted in favor of the defendants Essbee and Ashok and Bela Gulati.  All other claims regarding of negligence and gross negligence remain pending against all defendants.  The Court denies summary judgment on the issues of punitive damages.

This the 26th day of May, 2011.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE